IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**KELVIN BARNES**  :
6817 Mountain Lake Place  :
Capital Heights, Maryland 20743  :
:
      Plaintiff,  :
:
v.  :
:
**ALBERTO GONZALES**  :
in his official capacity as Attorney General :
DEPARTMENT OF JUSTICE  :
950 Pennsylvania Avenue  :
Washington, DC 20530-0001  :
:

# COMPLAINT

COMES NOW the Plaintiff, Kelvin Barnes, by and through his counsel, The Law Office of Jimmy A. Bell, P.C. and Jimmy A. Bell, Esquire, and respectfully presents this complaint against the Defendant, Department of Justice, to enforce his rights under 42 U.S.C. § 2000e.

## JURISDICTION

1.     Plaintiff Kelvin Barnes ("Plaintiff") alleges a cause of action, in part, arising under 42 U.S.C. § 2000e.  As this constitutes a civil action arising under the laws of the United States, federal jurisdiction is proper under 28 U.S.C. § 1331.

## **VENUE**

2. Venue is proper in the District of Columbia as the Defendant conducts business within the District of Columbia, and the acts complained of occurred within the said jurisdiction.

## **STATEMENT OF FACTS**

3. Plaintiff is a citizen of the District of Columbia.

4. Plaintiff filed his formal EEO complaint on January 24, 2005.

5. More than 180 days have passed since Plaintiff filed his formal complaint.

6. During all times mentioned in the following complaint, Plaintiff was employed as a Detention Enforcement Officer ("DEO") for Defendant Department of Corrections, US Marshals Service ("Defendant") at the District of Columbia Superior Court who was qualified to work overtime duties and had done so on many occasions.

7. Plaintiff is an African-American male.

8. DEOs are primarily comprised of African-Americans and other minorities.

9. Deputy United States Marshals ("DUSM") are comprised of primarily Caucasians.

10. In or about August 2004, Supervisory Deputy United States Marshal Barry Surles ("Surles") informed Plaintiff that DEOs could no longer work morning overtime.

11. Prior to and at all times following August 2004, Surles permitted DUSMs to work morning overtime.

12. In or about August 2004, Surles informed Plaintiff that only one (1) DEO could work overtime on any given day.

13. Since August 2004, Surles permitted up to twelve (12) DUSMs to work overtime on any given day.

14. After August 2004, Surles permitted DEOs to work up to a maximum of four (4) hours of overtime per week.

15. After August 2004, Surles permitted DUSMs to work up to ninety (90) hours of overtime per week.

16. Surles is a Caucasian male.

17. In or about August 2004, Surles informed Plaintiff that his activities described in paragraphs 12-16 were sanctioned and/or authorized by Acting United States Marshal Steve Conboy ("Conboy").

18. Conboy is a management official, employee, representative, and/or agent of Defendant.

19. Conboy is a Caucasian male.

20. Prior to January 2005, DEOs had priority working overtime in the cellblock area of the District of Columbia Superior Court.

21. In or about January 2005, DUSMs were given priority in working overtime in the cellblock area of the District of Columbia Superior Court.

22. After January 2005, DEOs were only able to work overtime slots which were unwanted by DUSMs.

23. Conboy approved, sanctioned, and/or ordered the activities described in paragraphs 20-22.

3

24. In the District of Columbia Superior Court, there are two (2) distinct locker/eating areas for DEOs and DUSMs.

25. The DEO locker area includes lockers that are placed in or just outside holding cells.

26. The DEO locker area has bare floors and has no seating.

27. The DEO eating area includes a small table with four (4) chairs, a leaky and oft-broken refrigerator, a non-functional television, and unhygienic and/or filthy conditions.

28. The DEO eating area is constantly occupied by Department of Corrections employees who loiter and sleep in the area.

29. The DEO locker/eating areas are located inside the cellblock "bubble."

30. The DUSM locker room and break room are located outside the cellblock "bubble."

31. The DUSM locker room includes a private restroom, enclosed locker areas, ample seating, carpeted floors, a private restroom, and sanitary conditions.

32. The DUSM break area is enclosed in a locked room and includes a spacious eating area, a kitchenette, a vending machine, and sanitary conditions.

33. The DUSM break area includes a functional plasma television.

34. The DEO eating facility does not have a functional television.

35. The DUSMs were provided with a microwave.

36. The DEOs were not provided with a microwave.

37. The DUSM break area is significantly larger than the DEO eating facility.

38. Defendant, through its agents, representatives, and/or employees is responsible for the design, maintenance, and/or set-up of the facilities described in paragraphs 24-38.

## COUNT I

### UNLAWFUL DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e, et seq.

39. Plaintiff re-pleads and re-alleges, with the same force and effect as if set forth separately and at length herein, paragraphs 1 – 38.

40. Plaintiff is a member of a protected class based on his race (black), his color (unspecified), and his national origin (African American).

41. Plaintiff is an employee of Defendant.

42. Defendant denied Plaintiff the opportunity to work morning overtime.

43. Plaintiff was not permitted to work morning overtime based on his membership in a protected class, namely his race (black), color (black), and his national origin (African American).

44. Defendant offered the opportunity to work morning overtime to employees outside Plaintiff's protected class.

45. Defendant intentionally discriminated against Plaintiff in violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), et seq., on account of his race (black), color (black), and his national origin (African American).

## COUNT II

## UNLAWFUL DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e, et seq.

46. Plaintiff re-pleads and re-alleges, with the same force and effect as if set forth separately and at length herein, paragraphs 1 – 45.

47. Plaintiff is a member of a protected class based on his race (black), his color (unspecified), and his national origin (African American).

48. Plaintiff is an employee of Defendant qualified to work overtime duties.

49. Defendant denied Plaintiff the opportunity to work overtime on more than one (1) day per week.

50. Defendant denied Plaintiff the opportunity to work more than four (4) hours per week overtime in total.

51. Plaintiff was not permitted to work overtime on more than one (1) day per week based on his membership in a protected class, namely his race (black), color (black), and his national origin (African American).

52. Plaintiff was not permitted to work more than four (4) hours per week overtime in total based on his membership in a protected class, namely his race (black), color (black), and his national origin (African American).

53. Defendant offered the opportunity to work overtime every day to employees outside Plaintiff's protected class.

54. Defendant offered the opportunity to work up to ninety (90) hours of overtime to employees outside Plaintiff's protected class.

55. Defendant offered priority choice in working overtime in the cellblock area of the District of Columbia Superior Court to employees outside of Defendant's protected class.

56. Defendant intentionally discriminated against Plaintiff in violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), et seq., on account of his race (black), color (black), and his national origin (African American).

## COUNT III

### UNLAWFUL DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e, et seq.

57. Plaintiff re-pleads and re-alleges, with the same force and effect as if set forth separately and at length herein, paragraphs 1 – 56.

58. Plaintiff is a member of a protected class based on his race (black), his color (black), and his national origin (African American).

59. Plaintiff is an employee of Defendant.

60. Defendant provided Plaintiff with less favorable terms and conditions of employment than employees outside of his protected class based on his membership in a protected class, namely his race (black), color (black), and his national origin (African American).

61. Plaintiff's eating and locker facilities were located in the DEO eating and locker areas.

62. Plaintiff's locker area includes lockers that are placed in or just outside holding cells.

63. Plaintiff's locker area has bare floors and has no seating.

64. Plaintiff's eating area includes a small table with four (4) chairs, a leaky and oft-broken refrigerator, a non-functional television, and unhygienic and/or filthy conditions.

65. Plaintiff's eating area is constantly occupied by Department of Corrections employees who loiter and sleep in the area.

66. Plaintiff's locker/eating areas are located inside the cellblock "bubble."

67. Defendant provided individuals outside of Plaintiff's protected class with a locker room and break room located outside the cellblock "bubble."

68. Defendant provided individuals outside of Plaintiff's protected class with a locker room which includes a private restroom, enclosed locker areas, ample seating, carpeted floors, a private restroom, and sanitary conditions.

69. Defendant provided individuals outside of Plaintiff's protected class with a break area that is enclosed in a locked room and includes a spacious eating area, a kitchenette, a vending machine, and sanitary conditions.

70. Defendant provided individuals outside of Plaintiff's protected class with a break area that includes a functional plasma television.

71. Plaintiff's eating facility does not have a functional television.

72. Defendant provided individuals outside of Plaintiff's protected class with a microwave.

73. Plaintiff had to donate money so he and other members of his protected class could purchase a microwave on their own.

74. Defendant provided individuals outside of Plaintiff's protected class with a break area that is significantly larger than Plaintiff's eating facility.

75. Defendant provided Plaintiff with inadequate and inferior locker and eating facilities compared to those provided to employees outside of Plaintiff's protected class.

76. Defendant intentionally discriminated against Plaintiff in violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), et seq., on account of his race (black), color (black), and his national origin (African American).

## RELIEF SOUGHT

77. Plaintiff requests the following relief:

78. Compensatory damages in the amount of $300,000.00.

79. Pre- and post-judgment interest.

80. Lost income.

81. Back pay.

82. The costs of litigation, including reasonable attorney's fees and expert witness fees.

83. Such other relief that may be just.

## JURY DEMAND

84. Plaintiff demands a trial by jury.

Respectfully submitted,

Jimmy A. Bell, Esq.
The Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD   20772
(301) 599-7620
(301) 599-7623 (Fax)
Bar No. MD 14639